# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KOHL'S DEPARTMENT STORES, INC.,**
          Plaintiff,

    v.                                                        Case No. 13-C-1113

**ESCALATE, INC., et al.,**
          Defendants.

---

## DECISION AND ORDER

In 2007, an entity known as Orion IP, LLC, filed a lawsuit for patent infringement against a number of retailers, including Kohl's Department Stores, Inc., the plaintiff in the present action. The Orion lawsuit alleged, among other things, that elements of Kohl's e-commerce website, www.kohls.com, infringed Orion's patents. Kohl's believed that the accused elements of its website stemmed from software provided to Kohl's by Escalate, Inc., the defendant in the present case.[1] The contract between Kohl's and Escalate provided that, subject to an important exception discussed below, Escalate would indemnify Kohl's from any liability arising out of a claim by a third party that Escalate's software infringed its patent. Pursuant to the contract, Kohl's tendered the defense of the Orion lawsuit to Escalate, but Escalate refused to defend or indemnify Kohl's. Kohl's then defended itself and entered into a settlement agreement with Orion.

Kohl's filed the present action in state court, alleging that Escalate's refusal to defend and indemnify constituted a breach of the indemnity provision and also that

---

[1] Actually, there are multiple defendants in the present case, but this detail can be ignored and I will write as though Escalate were the sole defendant. Another detail that can be ignored is the fact that Escalate's predecessor, a company named Blue Martini, provided the software to Kohl's, not Escalate.

Escalate was liable for equitable indemnity and contribution. Escalate removed to this court, citing as grounds for federal jurisdiction diversity of citizenship, 28 U.S.C. § 1332, and the presence of a question of federal patent law, see 28 U.S.C. § 1338(a). After reviewing the notice of removal, I directed Escalate, as the proponent of federal jurisdiction, to file a brief demonstrating that jurisdiction could be based on either of the cited grounds. Escalate has done so, and in its brief it concedes that jurisdiction cannot be based on diversity of citizenship. However, Escalate continues to believe that the complaint raises a question of patent law and that therefore jurisdiction exists under § 1338(a). Kohl's disagrees and argues that the case must be remanded to state court.

Section 1338(a) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." In Christianson v. Colt Industries Operating Corp., the Supreme Court held that § 1338(a) jurisdiction "extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." 486 U.S. 800, 808–09 (1988). In the present case, federal patent law does not create any of Kohl's causes of action, and thus the pertinent question is whether Kohl's has brought a claim in which its right to relief necessarily depends on resolution of a substantial question of federal patent law.

Kohl's primary claim is one for damages caused by Escalate's refusal to defend and indemnify Kohl's in the Orion lawsuit. Escalate contends that this claim necessarily depends on resolution of a substantial question of federal patent law because, in order to

2

prove that Escalate's duty to defend and indemnify was triggered, Kohl's must prove that Escalate's software infringed Orion's patent. As relevant to the present case, the indemnity provision in the contract between Kohl's and Escalate contains two parts. The first part states that Escalate must defend and indemnify Kohl's from liability "arising from any claim brought against [Kohl's] by any third party that alleges that the Software infringes any U.S. copyright, trade secret, intellectual or other proprietary right of a third party." (Contract § 10, ECF No. 1-1 at p. 12 of 97.) The second part adds the following exception to Escalate's duty to defend and indemnify: "Notwithstanding the foregoing, [Escalate] shall not indemnify [Kohl's] for any claims to the extent such claim is based on: (a) any [Kohl's] intellectual property or software incorporated in or combined with the Software where in the absence of such incorporated or combined item, there would not have been infringement . . . ." (Contract § 10, ECF No. 1-1 at p. 13 of 97.)

To show that Orion's lawsuit fell within the first part of the indemnity provision, Kohl's does not need to prove that Escalate's software infringed Orion's patent. This is so because that provision states that Escalate's indemnity obligations are triggered by any suit <u>alleging</u> that the software infringes a patent. Whether Orion's suit alleged that Escalate's software infringed a patent is a simple question of fact, and answering that question will not require a court to determine whether Escalate's software actually infringed the patent.

However, to show that Orion's lawsuit does not fall within the exception to the indemnity provision, Kohl's might have to prove that Escalate's software actually infringed the patent. The exception potentially applies whenever the third-party's claim is "based on" intellectual property or software that is composed of elements supplied by both Escalate and Kohl's. If the claim is based on such intellectual property or software, then to avoid the

3

exception to the indemnity provision, Kohl's must show that Escalate's software, standing alone, infringed the patent—i.e., that in the absence of the software provided by Kohl's, there would still have been infringement. Thus, if Orion's suit was based on software composed of elements supplied by both Escalate and Kohl's, Kohl's will have to prove that Escalate's software infringed the patent.

At this stage of the case, however, we don't know whether Orion's lawsuit was based on intellectual property or software composed of elements supplied by both Escalate and Kohl's. All that appears from the face of the well-pleaded complaint (and the attached exhibits) is that Orion alleged that certain methods and systems associated with www.kohls.com infringed its patent, and that Kohl's believes that Escalate's software was responsible for those methods and systems. Escalate will likely dispute Kohl's allegation that Escalate's software was solely responsible for the methods and systems, but resolving that dispute will not require a court to determine whether anyone's software actually infringed Orion's patent. Rather, a court will merely need to resolve the question of fact of whose software was responsible for the presence of the methods and systems accused by Orion in www.kohls.com. Of course, if a court determines that both Kohl's and Escalate supplied the accused software, then the court will need to determine whether Escalate's software, by itself, infringed the patent. But because the court might determine that Orion accused only Escalate's software, the question of patent law is contingent: it will arise if and only if the court determines that Kohl's contributed components to the accused software. For jurisdiction to be based on § 1338(a), the claim must <u>necessarily</u> involve a substantial question of federal patent law. Christianson, 486 U.S. at 808–09. Thus, the contingent

nature of the question of patent law means that I do not have jurisdiction over Kohl's claim for breach of contract under § 1338(a).

Escalate notes that in addition to alleging that Escalate breached the indemnity provision in the contract, Kohl's has alleged that Escalate breached its "infringement warranty," in which Escalate warrants that the software does not infringe anyone's intellectual property rights. Obviously, determining whether Escalate breached this warranty requires determining whether the software infringed Orion's patent. But Kohl's allegation of breach of warranty is not a separate claim for relief; it is an alternative legal theory in support of Kohl's claim that Escalate is liable for damages in an amount equal to the costs Kohl's incurred in defending and settling the Orion lawsuit. See Lindh v. Murphy, 96 F.3d 856, 874–75 (7th Cir. 1996) (defining "claim" as "a demand for relief from an identified injury"), rev'd on other grounds, 521 U.S. 320 (1997). In Christianson, the Supreme Court held that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." 486 U.S. at 810. Here, Kohl's breach-of-contract claim is supported by two alternative legal theories—breach of the infringement warranty and breach of the indemnity provision—and patent law is essential to only one of them. Therefore, I do not have jurisdiction over the breach-of-contract claim under § 1338(a).

Although Kohl's breach-of-contract claim is its primary claim, it is not its only claim. Kohl's has also brought claims for equitable indemnity and contribution, and these claims do necessarily raise substantial questions of federal patent law. Equitable indemnity is possible only when one party is exposed to liability for the wrongful acts of another. Estate of Kriefall v. Sizzler USA Franchise, Inc., 342 Wis. 2d 29, 56–57 (2012). To prevail on this

claim, then, Kohl's will have to prove that it was exposed to liability for the wrongful acts of Escalate.  Under the facts alleged in the complaint, Escalate's act, i.e., selling its software to Kohl's, could be deemed wrongful only if Kohl's is able to prove that the software infringed Orion's patent.  Certainly it is not "wrongful" to sell software that some third party later alleges is infringing, and thus unlike in the case of the contractual indemnity provision, proof that Orion alleged that Escalate's software was infringing will not be sufficient for Kohl's to obtain relief.  Kohl's will have to prove actual infringement, and this will necessarily require resolution of a substantial question of federal patent law.

As for the contribution claim, it requires proof that Kohl's and Escalate shared a joint or common liability to Orion. Id. at 54–55.  Under the circumstances of this case, the only potential common liability to Orion is liability for infringing Orion's patent.  So to resolve this claim, a court will necessarily have to resolve a substantial question of federal patent law, namely, whether use of the software created by Kohl's and Escalate infringed Orion's patent.  It follows that I have jurisdiction over the claim.

Because I have jurisdiction over both the equitable-indemnity claim and the contribution claim, it turns out that I may exercise jurisdiction over the breach-of-contract claim after all, as all three claims form part of the same case or controversy.  See 28 U.S.C. § 1367(a).  Accordingly, I am satisfied that I have jurisdiction over all claims and will allow this case to proceed.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2014.

s/ Lynn Adelman
LYNN ADELMAN
District Judge